IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK HARP d/b/a GOLD RUSH, | * | |
| PLAINTIFF, | * | |
| V. | * | CIVIL ACTION NO. _____ |
| HOUSTON GOLDD RUSH, LLC, d/b/a HOUSTON GOLD RUSH, | * | |
| | * | JURY DEMAND |
| DEFENDANT. | | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, Erik Harp (hereinafter "Plaintiff" or "Harp"), brings this action against Defendant Houston Goldd Rush, LLC (hereinafter referred to as "Defendant"), and alleges as follows:

## I.    NATURE OF THE ACTION

1. Harp brings this action to protect one of its most valuable assets: its GOLD RUSH trademark. Harp seeks put an end to the Defendant's unlawful use of the infringing HOUSTON GOLD RUSH name and service mark, which has continued despite Harp's demands that it cease. Harp therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and trademark dilution under the Lanham Act, Title 15, United States Code § 1051, *et seq.*, and the common laws of the state of Texas.

## II.    PARTIES

2. Harp is an individual over the age of nineteen years who resides in the State of Florida at 1016 Thomas Drive #177, Panama City, Bay County, Florida 32408.

3. Upon information and belief, Defendant is a limited liability company formed in the State of Texas with its principal place of business at 1427 Gessner Road, Suite 3, Houston,

1

Texas 77080, who may be served with service of process via its Registered Agent, Corporate Service Center, Inc. at 15500 Voss Road, Suite 425, Sugar Land, Texas 77498.

### III.   JURISDICTION AND VENUE

4. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

5. This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is within this District.

7. This is the proper venue for this action pursuant to 28 U.S.C. § 1391.

### IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Harp filed a Trademark Application with the United States Patent and Trademark Office ("USPTO") for a Service Mark GOLD RUSH in international class 36 for providing monetary exchange services, namely, exchanging gold of others for cash on or about April 24, 2018. Plaintiff first began using the GOLD RUSH trademark on January 15, 2011.

9. On October 15, 2019, the USPTO granted Harp's registration of his Service Mark GOLD RUSH, assigning it United States Trademark Registration Number 5881989 ("Harp's Trademark"). A true and correct copy of Harp's Certificate of Registration is attached hereto as **Exhibit A**.

10. Harp has six (6) locations throughout Texas, Colorado and the United States, with plans to expand his territory.

11. Harp has made an enormous investment in advertising and promoting his products

and services under the Harp Trademark. As a result, Plaintiff has acquired valuable goodwill in association with the Harp Trademark, which has become widely recognized by the general consuming public of the United States as a designation of source for Harp's services. Harp's customers have come to rely on Harp's Trademark as a symbol of quality and reliability.

12. Since long before the acts of the Defendant complained of herein, Harp has continuously used the Harp Trademark in interstate commerce.

13. Harp's website https://goldrushhouston.com/ shows Harp's use of Harp's Trademark:



14. Upon information and belief, Defendant operates a "destination for buying gold, silver and platinum-where we offer competitive prices and expert service for all you precious metal needs" under the trade name HOUSTON GOLD RUSH. *See* Defendant's website at https://houstongoldrush.com/:

15. Defendant has a Facebook page for this service, "Houston Gold Rush" at https://www.facebook.com/houstongoldrush/ which uses the name and service mark HOUSTON GOLD RUSH, along with the following logos, to offer Defendant's Services shown below at

attached hereto as **Exhibit B**:



16. The services offered by Defendant under the HOUSTON GOLD RUSH trade name and service mark are identical to and/or closely related to the services offered by Harp under Harp's Trademark.

17. Upon information and belief, Defendant offers Defendant's Services in interstate commerce and in channels of trade similar to those of Harp and/or his affiliates..

18. Defendant's use of the HOUSTON GOLD RUSH trade name and service mark is likely to cause confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Harp Trademark.

19. Defendant's HOUSTON GOLD RUSH trade name and service mark is identical or virtually identical and/or confusingly similar to one or more of Harp's Trademark.

20. Plaintiff's Services and Defendant's Services, as well as the classes of consumers who purchase such services, are identical or virtually identical.

21. Defendant adopted the HOUSTON GOLD RUSH trade name and service mark without the express or implied consent of Plaintiff.

22. At no time did Plaintiff authorize, license, or otherwise permit Defendant to use

4

and/or display Harp's Trademark and/or any mark that incorporates GOLD RUSH.

23. Upon information and belief, Defendant adopted, used, and continues to use the HOUSTON GOLD RUSH trade name and service mark with the intent to trade on and/or capitalize on the goodwill symbolized by Harp's Trademark.

24. Defendant has used and continues to use the HOUSTON GOLD RUSH trade name and service mark in interstate commerce in connection with Defendant's Services in direct violation of Harp's rights in and to Harp's Trademark, despite Plaintiff's consistent and ongoing objection to the same. *See* correspondence attached as **Exhibit C**.

25. In light of Defendant's actual and/or constructive notice of Harp's rights in and to Harp's Trademark, Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with Harp's Trademark.

26. Defendant's past and ongoing use of the HOUSTON GOLD RUSH trade name and service mark, which is identical and/or confusingly similar to Harp's Trademark, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with Harp's Trademark, as well as Plaintiff's business reputation.

27. Defendant's past and ongoing use of the HOUSTON GOLD RUSH trade name and service mark, which is identical and/or confusingly similar to one or more of the marks making up Harp's Trademark, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

28. Defendant has and continues to have no legitimate reason or good faith basis to use the HOUSTON GOLD RUSH trade name and service mark in commerce.

29. Upon information and belief, Defendant's intent in obtaining and using the infringing trade name and service mark was and is to profit from the goodwill and value associated with Harp's Trademark.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF SECTION 32(1) OF THE LANHAM ACT
### TRADEMARK INFRINGEMENT

30. Harp repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31. Defendant's use of the HOUSTON GOLD RUSH trade name and service mark is likely to cause public confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

32. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure Harp, and/or to reap the benefit of Harp's goodwill associated with Harp's Trademark.

33. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

34. Defendant's acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT II**
**VIOLATION OF SECTION 43(A) OF THE LANHAM ACT**
**UNFAIR COMPETITION**

37. Harp repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

38. Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely, to cause such parties to believe, in error, that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by Harp, or that Defendant is in some way affiliated with Harp, which it is not.

39. Defendant's use of the HOUSTON GOLD RUSH trade name and service mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

40. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

41. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

42. Plaintiff has no adequate remedy at law.

43. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT III**
**VIOLATIONS OF SECTION 43(C) OF THE LANHAM ACT**
**TRADEMARK DILUTION**

44. Harp repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

45. Based on the inherent and/or acquired distinctiveness of Harp's Trademark; the duration and extent of Harp's use of Harp's Trademark; the duration and extent of advertising featuring Harp's Trademark; the geographic area in which Harp has sold and advertised goods and/or services featuring Harp's Trademark; the nature of the trade channels Harp uses to market goods and/or services featuring the Harp Trademark compared to the channels through which Defendant sells its services; the degree of public recognition of the Harp Trademark; and the various federal registration for Harp's Trademark, the Harp Trademark has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

46. The aforesaid willful and deliberate acts of Defendant, all occurring after Harp's Trademark became famous, have caused and continue to cause dilution and/or are likely to cause dilution of Harp's Trademark and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

47. Harp has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

48. Harp repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

49.     Harp enjoys well-established common law service mark rights in and to Harp's Trademark in the state of Texas which rights are superior to any rights that Defendant may claim, and has built significant goodwill in same.

50.     Harp first adopted and used the Harp's Trademark in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by Harp and to distinguish them from similar goods and services rendered or offered by others. As a result, Harp's Trademark has acquired secondary meaning.

51.     Defendant's acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Plaintiff's and Defendant's Services in violation of Texas common law.

52.     The acts complained of herein have caused irreparable harm, damage and injure Plaintiff, and Plaintiff has no adequate remedy at law.

53.     Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A.      Find that Defendant willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B.      Award Plaintiff and require Defendant to pay Plaintiff all profits from or damages resulting from the wrongful acts and enter judgment in an amount not to exceed three times the amount of profits and damages and reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

C.     Preliminarily and permanently enjoin Defendant as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendant, from use of the HOUSTON GOLD RUSH trade name and service mark or any other colorable imitation of any GOLD RUSH trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

D.     Pursuant to 15 U.S.C. § 1118, order Defendant to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendant that bear any of the Harp Trademark or any other mark that is likely to be confused with one or more of the Harp Trademark;

E.     Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

F.     Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

G.     Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order; and

H.     Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

/s/ *Brett Turnbull*
Brett Turnbull
Texas Bar # 24117282
Turnbull Moak Pendergrass, PC
1811 Bering Drive, Suite 300
Houston, TX 77057
bturnbull@turnbullfirm.com

*Attorney for Plaintiff,*
*Erik Harp d/b/a Gold Rush*


/s/ *Michael J. Douglas*
Michael J. Douglas*  ASB-2888-C52D
LEAK, DOUGLAS & MORANO, PC
17 20th Street North, Suite 200
Birmingham, AL  35203
Phone 205.977.7099
mdouglas@leakdouglas.com

*Attorney for Plaintiff,*
*Erik Harp d/b/a Gold Rush*

*\* Application for Admission Pro Hac Vice*
*to be Filed*


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Houston Goldd Rush, LLC
c/o Its Registered Agent, Corporate Service Center, Inc.
15500 Voss Road, Suite 425
Sugar Land, TX 77498